**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAQER SHIBLI AWWAD,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   17-72533<br><br>Agency No. A076-402-300<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2020[**]
San Francisco, California

Before:  WALLACE, GRABER, and COLLINS, Circuit Judges.

Saqer Shibli Awwad, who is described in the order under review as "a native

and citizen of the occupied territories, Israel," petitions for review of the Board of

Immigration Appeals' (Board) decision affirming an immigration judge's (IJ) denial

of his applications for asylum, withholding of removal, Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT) protection, and adjustment of status. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Awwad argues that his removal proceedings were invalid and should be terminated on the ground that his notice to appear (NTA) was defective because it did not include the date and time of those proceedings. However, we already rejected this argument in *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

Awwad next argues that the IJ and the Board improperly denied him relief under the CAT. We review the "determination that an applicant is not eligible for relief under the CAT" for substantial evidence, *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007), and will uphold the determination "unless the evidence in the record compels a contrary conclusion," *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). Awwad points to no evidence in the record that compels the conclusion that, if he were removed, "it is more likely than not that [he] would be tortured," 8 C.F.R. § 1208.16(c)(2), "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," *id.* § 1208.18(a)(1). Although Awwad contends that the Board overlooked the relevant country reports, he has failed to "overcome the presumption that the [Board] did review the record." *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

Finally, although Awwad argues that the IJ failed to consider his claim that the Israeli government would torture him because he is a Palestinian, he failed to

exhaust that argument before the Board, and thus, we are without jurisdiction to consider it. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1233 (9th Cir. 2019) ("A petitioner's failure to raise an argument before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue"); *see also* 8 U.S.C. § 1252(d)(1) (providing jurisdiction over a final order of removal "only if . . . the alien has exhausted all administrative remedies available to the alien as of right").

**PETITION DENIED.**